UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUCE D. JOHNSON-EL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-03417-LJM-DML |
| ) | |
| SUPERINTENDENT, New Castle ) | |
| Correctional Facility, ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

The petitioner shall have **through January 20, 2017** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

The petitioner in this action for habeas corpus relief is confined at the New Castle Correctional Facility. The Superintendent of that Facility is the petitioner's custodian and as such is now **substituted** as the respondent.

**III.**

The petitioner seeks habeas relief based on two claims.

The first habeas claim is that the trial court committed error in the disposition of his petition for post-conviction relief. This claim, however, is not cognizable here and is **summarily**

**dismissed.** *Quince v. Crosby,* 360 F.3d 1259, 1262 (11th Cir. 2004)("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *see also Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.)("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

The second habeas claim is that the petitioner has newly discovered evidence suggesting that he is innocent. This claim, however, does not support habeas corpus relief and is thus **summarily dismissed.** "'Claims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" *Fielder v. Varner,* 379 F.3d 113, 122 (3d Cir. 2004) (citing *Herrera v. Collins,* 506 U.S. 390, 400 (1993)), *cert. denied,* 543 U.S. 1067 (2005). "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Herrera,* 506 U.S. at 400.

### IV.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained above, that is the fate Johnson-El's habeas petition meets. The petition shows on its face that Johnson-El is not entitled to the relief he seeks and his petition is therefore dismissed.

Judgment consistent with this Entry shall now issue.

## V.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Johnson-El has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appeal.

IT IS SO ORDERED.

Date:  12/29/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRUCE D. JOHNSON-EL
92113
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362